IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
LARRY JONES,                     )
             Plaintiff,          )
                                 )   Civil Action No. 04-1413
        v.                       )
                                 )   Judge Cercone
WILLIAM S. STICKMAN,             )   Magistrate Judge Caiazza
et al.,                          )
             Defendants.         )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' summary judgment motion be granted in part and denied in part. Specifically, the motion should be granted with respect to the Defendants Stickman, Holmes and Yowlinsky and denied with respect to the Defendants Kulp, Johnson, Yohouse and Winters.

### II. REPORT

The Plaintiff, Larry Jones ("Jones"), a state inmate confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging violations of his rights as protected by the Eighth Amendment of the United States Constitution.  Named as the Defendants are the following former officers and employees at the State Correctional Institution at Pittsburgh ("SCIP"): William S. Stickman, Superintendent; Security Lieutenant Holmes; Restricted Housing Unit Lieutenant Kulp; and Correctional Officers Johnson, Yohouse, Winters and Yowlinsky.  Summarily, the Plaintiff's Complaint

includes allegations of excessive force that stemmed from a purported incident occurring on September 4, 2003 at SCIP after Jones became involved in a fight with a correctional food instructor.

A. __Exhaustion of Administrative Remedies__

The Defendants seek summary judgment against the Plaintiff because of his alleged failure to exhaust the available administrative remedies. *See* the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Through the PLRA, Congress amended the provisions of 42 U.S.C. § 1997e(a), prohibiting prisoners from commencing a civil rights action until the available administrative remedies are exhausted. *See* 42 U.S.C. § 1997e(a). *See also* Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner) (each case holding that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions).

The administrative remedies available for Pennsylvania inmates are codified in the Pennsylvania Department of Corrections ("DOC") Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." *See, e.g.*, Mitchell v. Horn, 318 F.3d 523 (2003) (discussing DOC Grievance System). The DOC grievance system applies to all state correctional institutions and provides three levels of review:

-2-

1) an initial review by the facility grievance coordinator; 2) an appeal of the initial review to the superintendent or regional director; and 3) a final appeal to the chief hearing examiner. Specifically, inmate grievances must be in writing and in the format provided for on the forms supplied by the institution. *See* DC-ADM 804 ¶ (VI)(A)(1)(f). An initial grievance must be submitted by the inmate to the Facility Grievance Coordinator within fifteen working days after the event upon which the claim is based. *See* DC-ADM 804 ¶ (VI)(A)(1)(h).

**B. <u>The Plaintiff's Compliance with the Exhaustion Requirement</u>**

The Plaintiff's Complaint alleges excessive force stemming from the incident that purportedly occurred on September 4, 2003 at SCIP. The record evidence in this action shows that Jones filed Grievance No. 68062 dated "9-9-3". In his Grievance he alleged the facts which follow:

> I was assaulted on 9-4-3 by RHU Johnson, Yohouse, Winters, Lt. Kulp. I was kicked + beat in the face, back and chest on camera while other guard's [sic] used there [sic] bodies to block the camera's view to further cover-up this beating. I was transferred to SCIP that same day.

*See* Attach. to Doc. 16.

As provided for in the procedural scheme, upon receipt the Facility Grievance Coordinator must assign a grievance tracking number to all grievances -even rejected grievances- and enter each grievance into the Automated Inmate Grievance Tracking System. *See* DC-ADM 804 ¶ (VI)(B)(1)(a). The coordinator must

-3-

sign and date each grievance.  By notice dated November 20, 2003,
Carol A. Scire, Facility Grievance Coordinator, sent the
Plaintiff a Grievance Rejection Form in which a line was checked
indicating that his grievance was rejected because he failed to
file it within the fifteen-day period provided for in DC-ADM 804
¶ (VI)(A)(1)(h).  The Plaintiff appealed this rejection through
all levels of review.

In his Response to the Defendants' Motion, the Plaintiff
submitted an affidavit claiming that he filed a grievance on
September 9, 2003. He states that he "has no control over U.S.
mail [or institutional mail] [and that after he was assaulted he
was] placed on a DOC van [and] transferred . . . to SCI-Greene
where [he] was stripped nude [and] thrown into a cell . . . ."
He also claims that he "was left like this until September 9,
2003 when Plaintiff was brought a grievance and [an] ink pen [and
he] immediately filled out [a] grievance and returned it to [his]
Restricted Housing Unit Block Officer."

Jones' filing raises a question of fact and the Defendants'
Motion for Summary Judgment should be denied as to Defendants
Kulp, Johnson, Yohouse and Winters.[1]

The Defendants' Motion for Summary Judgment, however, should
be granted as to Defendants Stickman, Holmes and Yowlinsky
because they were not named in Jones' grievance.  See Sprawl v.
Gilles, 372 F.3d 218, 234 (3d Cir. 2004) (holding that a

---

1. The Defendants filed a Motion to Dismiss or in the Alternative for
Summary Judgment (Doc. 16) which the court considered as one seeking
summary judgment. See (Doc. 18).

Pennsylvania inmate's failure to properly identify a defendant constituted a failure to exhaust his administrative remedies under the PLRA as to that defendant).

### III. <u>CONCLUSION</u>

It is respectfully recommended that the Defendants' Motion for Summary Judgment be granted in part and denied in part. Specifically, the Motion should be granted as to Defendants Stickman, Holmes and Yowlinsky and denied as to Defendants Kulp, Johnson, Yohouse and Winters.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C)), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 16, 2005.  Responses to objections are due by November 28, 2005.

October 31, 2005          <u>s/Francis X. Caiazza</u>
                          FRANCIS X. CAIAZZA
                          UNITED STATES MAGISTRATE JUDGE

cc:

Larry Jones, BD-5629
SCI Greene
175 Progress Drive

-5-

```
Waynesburg, PA  15370

Rodney Torbic, Esq.
Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
```